IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| VILMA MONTANO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV565 (GBL) |
| | ) | |
| INOVA HEALTH CARE SERVICES | ) | |
| d/b/a INOVA FAIRFAX HOSPITAL | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

THIS MATTER is before the Court on the December 19, 2008 Report and Recommendation of Magistrate Judge Thomas Rawles Jones, Jr. regarding Plaintiff Vilma Montano's Motion for Voluntary Dismissal of her claim and leave to re-file her Complaint against her former employer, Defendant INOVA Health Care Services ("INOVA"), due to her rheumatoid arthritis, without running the statute of limitations that began on July 1, 2008 and expired on or around October 1, 2008. This case concerns Magistrate Judge Jones' recommendation that the Court dismiss Ms. Montano's Amended Complaint without prejudice conditioned upon: (1) discovery had in the present action being applicable in any re-filed action; and (2) Ms. Montano being responsible for taxable costs in the present action if costs be taxed against her in any re-filed action. On January 6, 2009,

1

Ms. Montano timely filed her Objection to Magistrate Judge Jones' Report and Recommendation, objecting to the dismissal of her Complaint if the Court will not toll the statute of limitations while she treats her illness. There are two issues before the Court. First, whether the Court may toll the applicable statute of limitations on Plaintiff's Motion after it has expired. Second, whether the Court will allow Plaintiff, under Federal Rule of Civil Procedure 41(a)(2), leave to dismiss the case without prejudice on condition, where Plaintiff asserts her medical condition has inhibited her ability to proceed pro se with her case at this time. The Court adopts Magistrate Judge Jones' recommendation and overrules Plaintiff's objection. The Court holds that the applicable statute of limitations is not subject to equitable tolling because Ms. Montano's illness is not within the justifications for tolling the statute of limitations.

## I. FACTS

The Equal Employment Opportunity Commission ("EEOC") issued Ms. Montano the right-to-sue letter on March 6, 2008 and July, 1, 2008. Ms. Montano had ninety-days from the receipt of the right-to-sue letters to bring a claim in federal court. 42 U.S.C. § 2000e-5(f)(1) (2003). Ms. Montano's amended complaint was timely filed on August 28, 2008. On December 1, 2008, one

day before the deadline for Ms. Montano to deliver to INOVA documents and interrogatory answers for discovery, she requested that her claim be dismissed without prejudice and sought leave to re-file her Complaint in three months without running the statute of limitations. At a hearing in front of Magistrate Judge Jones on December 12, 2008, Ms. Montano requested to re-file her complaint because she claimed that her rheumatoid arthritis treatment was time consuming. Ms. Montano asserted that she could not respond to INOVA's discovery demands while tending to her illness, which justified tolling the statute of limitations. Magistrate Judge Jones recommended dismissing her Complaint, and on January 6, 2009, Ms. Montano timely filed her Objection to his Recommendation.

## II.   DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). The district judge to whom a case is assigned should make a *de novo* determination of those portions of the magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C)(2000). "The court may accept, reject, or modify, in

whole or in part, the magistrate judge's findings or recommendations". *Id.* The court may also receive further evidence on the matter. *Id.*

**B. Analysis**

> *The Statute of Limitations for Re-filing Ms. Montano's Complaint cannot be Tolled.*

The Court denies Ms. Montano's Motion to Toll the Statute of Limitations because Ms. Montano's illness is not within the narrow justifications for tolling the statute of limitations. Under the Civil Rights Act of 1964, a plaintiff in a Title VII employment discrimination suit must file suit in federal court within ninety-days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1)(2003). The Supreme Court has held that statutory time limits for lawsuits against private employers under Title VII are subject to waiver or tolling for equitable purposes. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Generally, equitable tolling has been allowed sparingly where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). The Fourth Circuit held that equitable tolling and equitable estoppel are rooted in the view that the court should not permit the defendant to escape liability by engaging in misconduct to prevent the plaintiff from filing her timely

4

claim. *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)(holding that "equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline."). Hence, the statute of limitations should not be tolled "unless the employee's failure to file in a timely fashion is the consequence either of deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay his filing charge." *Price v. Little Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982).

Ms. Montano argues that her current health condition, rheumatoid arthritis, warrants tolling the statute of limitations because her illness is painful, requires treatment which is time consuming, and she is unable to meet court deadlines at this time. To justify equitable tolling of the statute of limitations, Ms. Montano must have been subject to misconduct by INOVA whose actions against her caused her filing deadline to pass. *Irwin*, 498 U.S. at 96. Yet, Ms. Montano has not, in any way, asserted that INOVA engaged in deliberate misconduct against her that prevented her from filing her timely claim in this Court. *English*, 828 F.2d at 1049. Therefore, this Court will not toll the statute of limitations because Ms.

Montano's illness does not merit tolling the statute since it is not a "consequence either of deliberate design by the employer or of actions that the employer should unmistakably understood would cause the employee to delay his filing charge." *Price*, 694 F.2d at 965.

Moreover, the fact that Ms. Montano timely filed her Complaint on August 7, 2008 does not warrant tolling the statute of limitations. The Fifth Circuit has considered whether to toll a statute of limitations when a claim is dismissed and held that "if a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." *Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992); *accord Quinn v. Watson*, Fed. App'x 517, 518 (4th Cir. 2005) (noting that the plaintiff was time barred from filing a new Title VII complaint because "where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the ninety-day limitations period."). Hence, although Ms. Montano already filed a timely Complaint in August, 2008, it does not warrant tolling the ninety-day period beyond the date the statute of limitations ran in October, 2008. *Berry*, 975 F.2d at 1191.

### III. CONCLUSION

The Court adopts Judge Jones' Report and Recommendation *in toto* and overrules Ms. Montano's objection. The Court holds that the applicable statute of limitations is not subject to equitable tolling. The Court will grant Ms. Montano's leave to dismiss without prejudice on certain conditions under Federal Rule of Civil Procedure 41(a)(2).

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Complaint is dismissed without prejudice. It is further

ORDERED that the dismissal of the claim without prejudice is conditioned upon: (1) discovery had in the present action being applicable in any re-filed action; and (2) Plaintiff being responsible for taxable costs in the present action if costs be taxed against her in any re-filed action.

ORDERED that Plaintiff's Motion to Toll the ninety-day statute of limitations for refiling her complaint is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 19th day of March, 2009.

Alexandria, Virginia
03/19/09

/s/
Gerald Bruce Lee
United States District Judge